Scott E. Radcliffe, (CA BAR NO. 278098)
**ALVES RADCLIFFE LLP**
2377 Gold Meadow Way, Suite 100
Gold River, California 95670
T: (916) 333-3375
E: sradcliffe@alvesradcliffe.com

Attorneys for Plaintiff
CHRISTOPHER SADOWSKI

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>Plaintiff,<br><br>V.<br><br>HEBREW NEWS, INC. d/b/a HEBREW NEWS,<br><br>Defendant. | Civil Action No. 2:23-cv-2454<br><br>**COMPLAINT** |

Plaintiff Christopher Sadowski ("Plaintiff") sues defendant Hebrew News, Inc. d/b/a Hebrew News ("Defendant"), and alleges as follows:

**THE PARTIES**

1. Plaintiff is an individual who is a citizen of the State of New Jersey residing in the State of New Jersey

2. Defendant is a corporation organized and existing under the laws of the State of California with its principal place of business located at 6700 Fallbrook Ave., Unit 149, West Hills, CA 91307. Defendant's agent for service of process is: Zack Karni, 6700 Fallbrook Ave, Unit 149, West Hills, CA 91307.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with California such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "The Ninth Circuit has interpreted Section 1400(a) to mean that venue is proper in any judicial district in which the defendant would be amenable to personal jurisdiction." Righthaven LLC v. Inform Techs., Inc., No. 2:11-CV-00053-KJD-LRL, 2011 U.S. Dist. LEXIS 119379, at *8 (D. Nev. Oct. 14, 2011) (citing Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010)).

Venue is thus proper in this District because personal jurisdiction exists over Defendant in this District.

## FACTS

### I. Plaintiff's Business

6. Plaintiff is an award-winning photojournalist and is widely published in some of the world's most important newspapers and magazines, including but not limited to, the New York Post, Daily Mail Online, Reader's Digest, USA Today, New York Times, Fox News, CBS News, NBC News, Boston Globe, Boston Herald, Los Angeles Times, Newsweek Magazine, and People Magazine.

7. For the past nineteen (19) years, Plaintiff has been self-employed as a high-end photographer who specializes in photo-documenting ordinary life and the human condition.

8. Plaintiff travels throughout the New York, New Jersey and Connecticut tri-state area taking photographs that tell a story about tragedy, hope, calamity, joy, discord and renewal.

9. Using state-of-the-art equipment, Plaintiff creates high-end photography licensed by some of the top publishers in this Country. When commissioned for a job, Plaintiff spends countless hours capturing hundreds of photographs and then processing those photographs to ensure they meet customers' requirements.

10. Plaintiff maintains a commercial website (http://www.csnyphoto.com) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Plaintiff, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

11. Plaintiff owns the photographs and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

**II. The Work at Issue in this Lawsuit**

***A. The First Photograph***

12. In 2021, Plaintiff created a professional photograph (titled "101521immigrants35CS") (the "First Photograph") of immigrants disembarking off a plane at night in Westchester County Airport, capturing what became to be known as "Biden's Secret Flights." A copy of the First Photograph is exhibited below:



### *B. The Second Photograph*

13. In 2021, Plaintiff created a professional photograph (titled "101521immigrants40CS") (the "Second Photograph") of immigrants from the First Photograph forming a line in front of buses. A copy of the Second Photograph is exhibited below:



### *C. The Third Photograph*

14. In 2021, Plaintiff created a professional photograph (titled "101521immigrants43CS") (the "Third Photograph") of one of the buses from the Second Photograph leaving the airport. A copy of the Third Photograph is exhibited below:




15. The First Photograph, Second Photograph, and Third Photograph are collectively referred to herein as the "Biden Secret Flights Photographs."

16. The Biden Secret Flights Photographs were registered by Plaintiff with the Register of Copyrights on December 31, 2021 and was assigned Registration No. VA 2-288-279. A true and correct copy of the Certification of Registration pertaining to the Biden Secret Flights Photographs is attached hereto as **Exhibit "A."**

### *D. The Fourth Photograph*

17. In 2021, Plaintiff created a professional photograph (titled "021321stabbing5CS") (the "Fourth Photograph") of New York City police officers investigating the scene where a stabbing occurred at the 207th Street subway station. A copy of the Fourth Photograph is exhibited below:




18. The Fourth Photograph was registered by Plaintiff with the Register of Copyrights on March 31, 2021 and was assigned Registration No. VA 2-246-656. A true and correct copy of the Certification of Registration pertaining to the Fourth Photograph is attached hereto as **Exhibit "B."**

### *E. The Fifth Photograph*

19. In 2022, Plaintiff created a professional photograph (titled "070922subwaystabbing9CS") (the "Fifth Photograph") of New York City police

officers standing outside the entrance of an Uptown Manhattan subway station where a fatal stabbing occurred. A copy of the Fifth Photograph is exhibited below:




***F. The Sixth Photograph***

20. In 2022, Plaintiff created a professional photograph (titled "100622stabbing28CS") (the "Sixth Photograph") of New York City police officers investigating the 176th Street and Jerome Avenue subway station where a fatal stabbing occurred. A copy of the Sixth Photograph is exhibited below:

16. The Fifth Photograph and Sixth Photograph were registered by Plaintiff with the Register of Copyrights on December 31, 2022 and was assigned Registration No. VA 2-334-676. A true and correct copy of the Certification of Registration pertaining to the Fifth Photograph and the Sixth Photograph is attached hereto as **Exhibit "C."**

17. The Biden Secret Flights Photographs, Fourth Photograph, Fifth Photograph, and Sixth Photograph are collectively referred to herein as the "Work."

18. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

**II. Defendant's Unlawful Activities**

19. Defendant is a news platform serving the Israeli community living in

the United States and publishes its news articles in Hebrew.

20. Defendant advertises/markets its business primarily through its website (http://www.hebrewnews.com/), social media (e.g. https://www.facebook.com/hebrewnews/), and other forms of advertising.

21. On January 2, 2022 (after Plaintiff's above-referenced copyright registration of the Biden Secret Flights Photographs), Defendant published the Biden Secret Flights Photographs on its website in connection with an article titled "New York lawmakers in a letter to Baiden: "Immediately stop infiltrators' flights from the southern border to the state"(at https://hebrewnews.com/article/45453):




22. On October 12, 2022 (after Plaintiff's above referenced copyright registration of the Fourth Photograph and within the 3 month window between first publication and Plaintiff's above-referenced copyright registration of the Fifth Photograph and Sixth Photograph), Defendant published the Fourth Photograph,

Fifth Photograph, and the Sixth Photograph on its website in connection with an article titled "Record in random murders ":" at every station, neighborhood, and hour the New York subway becomes a dangerous bet – and the experts find it difficult to explain" (at https://hebrewnews.com/article/50387):



23. A true and correct copy of screenshots of Defendant's website, displaying the copyrighted Work, is attached hereto as **<u>Exhibit "D."</u>**

24. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

25. Defendant utilized the Work for commercial use – namely, as the photos included in two of its articles.

26. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

27. Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in March 2022. Following Plaintiff's discovery, Plaintiff notified Defendant

in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of his Work.

28. All conditions precedent to this action have been performed or have been waived.

**COUNT I – COPYRIGHT INFRINGEMENT**

29. Plaintiff re-alleges and incorporates paragraphs 1 through 28 as set forth above.

30. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

31. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

32. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

33. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

34. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

15. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("Copyright © 2018 Hebrew Party, Inc. All Rights Reserved"), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership

of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation….”). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

35. Plaintiff has been damaged as a direct and proximate result of Defendant’s infringement.

36. Plaintiff is entitled to recover his actual damages resulting from Defendant’s unauthorized use of the Work and, at Plaintiff’s election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant’s profits from infringement of the Work, which amounts shall be proven at trial.

37. Alternatively, and at Plaintiff’s election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

38. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys’ fees as a result of Defendant’s conduct.

39. Defendant’s conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502,

Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

DATED: April 3, 2023 **ALVES RADCLIFFE LLP**

By: /s/ Scott E. Radcliffe________

SCOTT E. RADCLIFFE
Attorney for Plaintiff
Christopher Sadowski