UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>    Plaintiff,<br><br>v.<br><br>HEBREW NEWS, INC. d/b/a HEBREW NEWS,<br><br>    Defendant. | Case No. 2:23-cv-02454-SB-PD<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [DKT. NO. 16] |

Plaintiff Christopher Sadowski is a professional photojournalist who took six photographs (the Photographs) that Defendant Hebrew News, Inc. (Hebrew News) published on its website without obtaining a license. Dkt. No. 1 (Compl.). After Plaintiff discovered Defendant's unauthorized use of the Photographs, he brought this copyright infringement lawsuit. Defendant failed to respond to the complaint, and the clerk entered default against it. Dkt. No. 12. Plaintiff moves for default judgment seeking injunctive relief, statutory damages, and costs. Dkt. No. 16 (Motion). Defendant has not filed an opposition. Plaintiff's motion is granted in part.

I.

A.

Before a court may rule on an application for default judgment, it must first determine whether the application complies with Federal Rule of Civil Procedure 55 and Local Rule 55-1. *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). The application must set forth: (1) when and against which party the default was entered; (2) the identification of the pleading to which

1

default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Servicemembers Civil Relief Act (50 U.S.C. § 3931) does not apply; and (5) that notice of the application has been served on the defaulting party (if required). *Id*.

Once these procedural requirements are met, "[g]ranting or denying a motion for default judgment is a matter within the court's discretion." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 919 (C.D. Cal. 2010) (citations omitted). The Ninth Circuit has identified seven factors courts may consider when exercising this discretion: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Factual allegations—other than those relating to the damages amount—are considered admitted upon default. Fed. R. Civ. P. 8(b)(6); *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). However, a court must still consider whether the complaint contains the required factual support and asserts legally sufficient claims.

B.

Plaintiff's motion satisfies the requirements for default judgment. Defendant was served with the complaint and summons. Dkt. No. 9. Because Defendant did not appear or answer the complaint, the clerk entered default against it. Dkt. No. 12. Further, Defendant is not an infant or incompetent person and not subject to the Servicemembers Civil Relief Act.

The *Eitel* factors support entry of default judgment here. First, Plaintiff would suffer prejudice absent a default judgment because he cannot otherwise obtain relief for Defendant's infringement.

Courts typically evaluate the second and third factors together, looking to whether the plaintiff has "state[d] a claim on which the [plaintiff] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175 (citations omitted). To establish copyright infringement, a plaintiff must prove two elements: (1) the plaintiff's ownership of a valid copyright; and (2) the defendant's copying of protected elements of the

plaintiff's work. *Feist Publ'ns., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The complaint alleges that Plaintiff created the Photographs and registered them with the Register of Copyrights on March 31, 2021, December 31, 2021, and December 31, 2022. Compl. at 4–9. These allegations establish a presumption of ownership. *Micro Star v. Formgen Inc.*, 154 F.3d 1107, 1109–10 (9th Cir. 1998) ("[C]opyright registration creates a presumption of ownership . . . ."). Furthermore, the complaint alleges that Defendant, without license, published the Photographs on its website in connection with news articles. *Id*. at 10–12. These factual allegations are taken as true. *PepsiCo*, 238 F. Supp. 2d at 1175. Accordingly, the second and third *Eitel* factors favor entry of default judgment.

Turning to the fourth *Eitel* factor, Plaintiff seeks $63,000 in statutory damages. Because the total damages in this case are authorized by the Copyright Act as explained below, and in light of Defendant's appropriation of six Photographs without permission, the amount in controversy does not weigh against granting default judgment. Fifth, there is unlikely to be a dispute over material facts because Defendant has failed to appear. Sixth, there is no evidence that Defendant's failure is the result of excusable neglect. Finally, despite the policy preferring decisions on the merits, when no party appears to oppose the action, there is likely no dispute on the merits. Accordingly, applying the *Eitel* factors, default judgment is appropriate. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.

II.

A.

The Court now turns to Plaintiff's requested remedies. First, Plaintiff seeks a permanent injunction prohibiting Defendant from:

> (a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from Plaintiff's copyrighted photograph or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

Motion at 35. A court may enter a permanent injunction "to prevent or restrain infringement of [a plaintiff's] copyright." 17 U.S.C. § 502. "Generally, a showing

of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction." *Sega Enterprises Ltd. v. MAPHIA*, 948 F. Supp. 923, 940 (N.D. Cal. 1996). Plaintiff has provided the Court with images of Hebrew News's Website, showing that the Photographs were still displayed as of March 24, 2023. Compl. at 11–12; Dkt. No. 16-1 (Sadowski Decl.) ¶¶ 21–23. While Plaintiff has established that an injunction is warranted, the scope of the injunction he seeks is overbroad. "An injunction must be narrowly tailored to remedy the specific harm shown." *E. Bay Sanctuary Covenant v. Barr*, 934 F.3d 1026, 1029 (9th Cir. 2019) (internal quotation omitted). Plaintiff seeks to enjoin Defendant from using or retaining any of Plaintiff's copyrighted photographs despite the allegations in the complaint being limited to the six Photographs. The Court finds that a permanent injunction limited to the six Photographs is warranted in this case. *See Michael Grecco Prods., Inc. v. 8 Decimal Cap. Mgmt., LLC*, No. 20-cv-07466-HSG, 2021 WL 2534567, at *7 (N.D. Cal. June 1, 2021), *report and recommendation adopted*, No. 20-cv-07466-HSG, 2021 WL 2531093 (N.D. Cal. June 21, 2021) (limiting injunction to only the copyrighted photograph described in the complaint rather than any of the plaintiff's copyrighted work).

B.

Second, Plaintiff seeks $63,000 in statutory damages for Defendant's infringement of his copyrights. The infringer of a copyright is liable for either the copyright owner's actual damages plus any additional profits of the infringer or statutory damages. 17 U.S.C. § 504(a). At any time before final judgment, the copyright holder may elect to recover an award based on statutory damages instead of actual damages. *Id.* § 504(c). A plaintiff making this election can recover "a sum of not less than $750 or more than $30,000 as the court considers just." *Id.* § 504(c)(1). "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2). In determining the proper amount of statutory damages, courts are to apply their discretion, guided by what is just, to the facts of a particular case, the nature of the copyright, the circumstances of the infringement, and the minimum and maximum damages allowed. *Peer Int'l Corp. v. Pausa Recs., Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990).

Here, Plaintiff seeks $63,000 in statutory damages based on a calculation of his actual damages of $21,000, which he asks to be trebled. Motion at 31–32; *see Nat'l Photo Grp., LLC v. Pier Corp.*, No. 13-cv-01165-DOC, 2014 WL 12576641, at *4 (C.D. Cal. Mar. 10, 2014) (collecting cases awarding three times the

4

licensing fees for statutory damages). As to three of the Photographs, Plaintiff claims actual damages of $15,000, based on a licensing fee of $3,000 for the use of these photographs and a scarcity multiplier of five. Plaintiff justifies this scarcity multiplier by pointing to the rarity of the subject matter of these photographs, which show immigrants disembarking from an airplane at Westchester County Airport in New York allegedly brought there by the Biden Administration. Plaintiff claims his actual damage for Defendant's appropriation of the remaining Photographs is $6,000, for a total of $21,000 in actual damages for all six Photographs. *Id*. at 26–29. Due to Defendant's willfulness, Plaintiff seeks to apply a multiplier of three for a total damages award of $63,000. *Id*. at 30–31. Plaintiff asserts that the damages are warranted because (1) the Photographs are "extremely rare and valuable," (2) Plaintiff repeatedly notified the Defendant of the infringement through emails, Federal Express, and telephone before filing the lawsuit, (3) Defendant's failure to appear has prevented Plaintiff from determining the actual damages to which Plaintiff is entitled, and (4) the award will prevent unjust infringement and deter future infringement. *Id*. at 23, 25, 29, 31–32.

As to the scarcity multiplier, Plaintiff offers no basis for concluding that a multiplier of five is appropriate. Plaintiff licensed the three Photographs to Fox News for $2,000 and $4,000 and alleges that he would have licensed the same three Photographs to Defendant for $3,000. Motion at 26. Presumably, the Photograph's rarity and value were factored into the licensing fee in the first instance. *See Serio v. Pregame LLC*, No. 2:21-cv-01940-JAD-NJK, 2023 WL 1073442, at *3 n.4 (D. Nev. Jan. 11, 2023), *report and recommendation adopted*, No. 2:21-cv-01940-JAD-NJK, 2023 WL 1072093 (D. Nev. Jan. 26, 2023) (reasoning that the uniqueness of the work was already accounted for in the licensing fee). Furthermore, Plaintiff does not argue that his actual damages exceeded the value of the license. Plaintiff instead contends that Defendant's alleged infringement "greatly impairs the market value of the work, since others competing in that business or in related business areas, will not want to obtain a license to Plaintiff's works if it is already associated with a competing business . . . ." *Id*. at 34–35. However, Plaintiff offers no evidence that Defendant's use led to an inability to license any of the Photographs or diminution in the Photographs' licensing value. Because Plaintiff has not shown damages exceeding the value of the license, the Court declines to apply a scarcity multiplier here. As such, Plaintiff's total actual damages are $9,000.

Plaintiff seeks a statutory damages award of three times his actual damages based on Defendant's willful infringement. Motion at 30–31. "To establish a prima facie case of willful infringement plaintiff must demonstrate that defendant

was aware, or should have been aware, that his activities were infringing." *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003). The Court finds the multiplier of three for willful infringement appropriate considering the facts of the case. Defendant is a news publication that includes a copyright registration statement on its own website, which demonstrates Defendant's awareness of copyright requirements. Motion at 22. Further, Plaintiff contacted Defendant through e-mail, Federal Express, and telephone calls in an attempt to negotiate a license to use the Photographs. *Id*. at 13. In light of these facts, a willfulness multiplier of three is appropriate, and the Court awards Plaintiff statutory damages in the amount of $27,000.

### III.

For these reasons, the Court **GRANTS IN PART** Plaintiff's motion. Judgment will be entered separately as follows:

- Defendant is **PERMANENTLY ENJOINED** from (a) directly or indirectly infringing Plaintiff's copyrights in the Photographs or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from the Photographs or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of the Photographs.

- Plaintiff is **AWARDED** $27,000 in statutory damages.[1]

IT IS SO ORDERED.

Date: July 7, 2023

                                                 Stanley Blumenfeld, Jr.
                                                 United States District Judge

---

[1] Plaintiff requests that the Court retain jurisdiction to adjudicate an anticipated motion for attorney's fees and costs. The Court denies Plaintiff's request. *See* L.R. 55-3 ("An attorney claiming a fee in excess of [this district's fee] schedule may file a written request *at the time of entry of the default judgment* to have the attorney's fee fixed by the Court.") (emphasis added).